UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                              )
                                                   )
TRACY HOFFMAN,                                     )    Case No.  6:09-bk-18839-KSJ
BRAD HOFFMAN,                                      )    Chapter 7
                                                   )
      Debtors.                          )
_____             )
In re                                              )
                                                   )
DEAN EDWARD ARMSTRONG,                             )    Case No.  6:10-bk-05120-KSJ
DELA JANE ARMSTRONG,                               )    Chapter 7
                                                   )
      Debtors.                          )
_____             )
In re                                              )
                                                   )
ANTONIO AYALA, JR.,                                )    Case No.  6:09-bk-02259-KSJ
                                                   )    Chapter 7
      Debtor.                           )
_____             )
In re                                              )
                                                   )
MICHAEL BARTOCK,                                   )    Case No.  6:10-bk-05775-KSJ
VIKKI BARTOCK,                                     )    Chapter 7
                                                   )
      Debtors.                          )
_____             )
In re                                              )
                                                   )
YURIY KULEV,                                       )    Case No.  6:08-bk-06276-KSJ
ANNA KULEV,                                        )    Chapter 7
                                                   )
      Debtors.                          )
_____             )
In re                                              )
                                                   )
SERGUEI BAEV,                                      )    Case No.  6:09-bk-14203-KSJ
LOUDMILLA STEBENEVA,                               )    Chapter 7
                                                   )
      Debtors.                          )
_____             )

In re                                              )
                                                   )
RONALD MILLAR,                                     )        Case No.  6:09-bk-18161-KSJ
BARBARA MILLAR,                                    )        Chapter 7
                                                   )
    Debtors.                   )
_____                    )
In re                                              )
                                                   )
KEITH C. EVANS,                                    )        Case No.  6:10-bk-00812-KSJ
                                                   )        Chapter 7
    Debtor.                    )
_____                    )
In re                                              )
                                                   )
CLAUDE CLIFFORD CHRISTIAN,                          )        Case No.  6:10-bk-01283-KSJ
RHONDA KAY CHRISTIAN,                              )        Chapter 7
                                                   )
    Debtors.                   )
_____                    )

## MEMORANDUM OPINION
## DENYING DEBTORS' MOTIONS TO AVOID JUNIOR LIENS

The Chapter 7 debtors in these cases each filed a motion to avoid a junior mortgage lien on their respective homesteads.[1]  In each case, the estimated market value of the debtors' respective home is less than the amount of their senior mortgage.  The only legal issue presented by these motions is whether the debtors are permitted under § 506(d) of the Bankruptcy Code[2]—which provides that a lien is void "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim"—to avoid or "strip off" their respective, "wholly-unsecured"[3] junior mortgage liens on their homestead properties.  Because no clear precedent on this issue exists within this Circuit, the Court held a combined hearing on these motions on May 13, 2010, at which all

---

[1] Doc. No. 11 in case no. 09-bk-18839; Doc. No. 13 in case no. 10-bk-5120; Doc. No. 61 in case no. 09-bk-2259; Doc. No. 10 in case no. 10-bk-5775; Doc. No. 40 in Case No. 08-bk-6276; Doc. No. 32 in case no. 09-bk-14203; Doc. No. 15 in case no. 09-bk-18161; Doc. No. 12 in case no. 10-bk-00812; Doc. No. 13 in case no. 10-bk-01283. The National Association of Consumer Bankruptcy Attorneys also filed an *amicus curiae* brief in support of the debtors' position (Doc. No. 29 in case no. 09-bk-18839).
[2] All references to the Bankruptcy Code shall refer to Title 11 of the United State Code.
[3] The term "wholly unsecured" as to a junior lien means that the value of the underlying collateral is less than the amount of the senior lien.

interested parties were invited to present oral argument.[4]   Having considered the positions of the parties and the case law from other jurisdictions, the Court holds that Chapter 7 debtors cannot avoid wholly-unsecured junior liens under § 506(d).

Bankruptcy Code Sections 506(a)(1) and (d) are the operative provisions, with Section 506(a)(1) stating in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a *secured claim* to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an *unsecured claim* to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. (Emphasis added)

Bankruptcy Code § 506(d) provides:

> To the extent that a lien secures a claim against the debtor that is not an *allowed secured claim*, such lien is void, unless-(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.  (Emphasis added)

The Supreme Court analyzed these two provisions at length in *Dewsnup v. Timm*,[5] ultimately finding that courts interpreting the key phrase in § 506(d)—"allowed secured claim"—must define each term independently of the other.  In other words, each term stands alone "to refer to any claim that is, first, allowed, and, second, secured" in the sense that the claim is "secured by a lien with recourse to the underlying collateral."[6]   The Court thus interpreted § 506(d) without reference whatsoever to §506(a), much to the debtor's and Justice Scalia's dismay in his cogent dissent.[7]

The alternative reading of these two sections, which Justice Scalia championed in his dissent and which the debtors and *amicus curiae* argue here, is that § 506(a) defines what an "allowed secured claim" is under § 506(d).  In this view, an allowed claim backed by a lien is only an "allowed secured claim" to the extent of the value of the underlying collateral, and an unsecured

---

[4] The Court also allowed the parties to submit supplemental briefs.  Only the Hoffman's (Doc. No. 31 in case no. 09-bk-18839) and creditor SunTrust Bank (Doc. No. 73 in case no. 09-bk-02259; Doc. No. 38 in case no. 09-bk-14203; and Doc. No. 26 in case no. 10-bk-01283) filed supplemental briefs.
[5] *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992).
[6] *Id.* at 415.
[7] *Id.* at 420-36.

claim for any remainder. This reading implies that the unsecured portion of an under-secured lien, like the one at issue in *Dewsnup*, could be "stripped down" under § 506(d), and likewise implies that a debtor could entirely avoid or "strip off" a wholly-unsecured lien.

The problem with this alternative argument is that the majority opinion of the United States Supreme Court rejected this interpretation, finding that Congress did not clearly intend to overturn the long-established rule that liens pass through bankruptcy unaffected.[8]  Applying its interpretation of the phrase "allowed secured claim," the Court in *Dewsnup* held that a Chapter 7 debtor could not "strip down" the "unsecured" portion of an under-secured lien[9] because the claim *as a whole* was still considered an "allowed secured claim" for purposes of § 506(d).  *Dewsnup* thus clarified that § 506(d)'s function is only to void liens "whenever a claim secured by the lien itself has not been allowed."[10]

Most courts, including the Fourth[11] and Sixth[12] Circuits and the Bankruptcy Appellate Panel for the Ninth Circuit,[13] have extended the Supreme Court's reasoning in *Dewsnup* to deny a Chapter 7 debtor's motion to "strip off" a wholly-unsecured junior lien.[14]  These courts find that *Dewsnup*'s definition of the phrase "allowed secured claim" in § 506(d) applies equally to wholly-unsecured junior liens as it does to under-secured senior liens.   They hold that even a claim based on a wholly-unsecured junior lien is an "allowed secured claim" because under *Dewsnup* the term "allowed secured claim" simply means a claim that is allowed under § 502 and "secured" in the sense that a lien secures the collateral.[15]  Once a junior lien becomes an allowed claim under § 502, there is *no*

---

[8] *Id.* at 418-20.

[9]  An "under-secured lien" refers to a lien that secures a debt that is greater in amount than the value of the underlying collateral.  The "unsecured" portion of an under-secured lien is the amount of the debt above the value of the underlying collateral.

[10] 502 U.S. at 415-16.

[11] *Ryan*, 253 F.3d at 783.

[12] *Talbert*, 334 F.3d at 562.

[13] *Laskin*, 222 B.R. at 876.

[14]  *Talbert v. City Mortgage Servs. (In re Talbert)*, 334 F.3d 555, 562 (6th Cir. 2003); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 783 (4th Cir. 2001); *In re Laskin*, 222 B.R. 872, 876 (B.A.P. 9th Cir. 1998); *In re Caliguri*, No. 09-75657, 2010 WL 1027411 (Bankr. E.D.N.Y. Mar. 17, 2010); *In re Pomilio*, 425 B.R. 11, 18 (Bankr. E.D.N.Y. 2010); *In re Cunningham*, 246 B.R. 241, 247 (Bankr. D. Md. 2000); *In re Virello*, 236 B.R. 199 (Bankr. D. S.C. 1999).

[15] *Talbert*, 334 F.3d at 562; *Ryan*, 253 F.3d at 783; *Laskin*, 222 B.R. at 876.

Case 6:10-bk-00812-KSJ    Doc 21    Filed 07/28/10    Page 5 of 8

basis under § 506(d) to avoid or "strip off" the lien, regardless of the value of the underlying collateral.

The Court agrees with this reasoning and declines to follow the minority of courts who have held that a Chapter 7 debtor may avoid a wholly-unsecured junior lien under § 506(d).[16] Indeed, the most recent case to do so, *Lavelle*, rests its holding on the mistaken belief that *Dewsnup* found the claim at issue an "allowed secured claim" under § 506(d) because part of the claim was defined as "secured" under § 506(a).[17]    But that is precisely the statutory construction *Dewsnup* rejected.    In the Court's own words:    "we hold that § 506(d) does not allow petitioner to 'strip down' respondents' lien, because respondents' claim *is secured by a lien* and has been fully allowed pursuant to § 502."[18]    (Emphasis added).    The Court never analyzed whether the lien was partially "secured" under § 506(a) because *Dewsnup*'s analysis of whether a claim is an "allowed secured claim" is *entirely independent of § 506(a).*    As *Laskin* put it, the phrase refers to a claim that is "first allowed under § 502, and secured in the sense that the claim is backed up by a lien on the collateral, *regardless of the value of the collateral.*"[19]    (Emphasis added).

In sum, Dewsnup compels the Court to hold that Chapter 7 debtors, including those in these cases, may not "strip off" their respective wholly-unsecured junior mortgage liens under § 506(d). Although the junior liens encumbering the debtors' homes are entirely valueless (at least today), they, according to the Supreme Court, are still *allowed* claims under § 502 that are *secured* by a mortgage lien.    Therefore, they are "allowed secured claims" and are not subject to avoidance under § 506(d).

The Court agrees numerous valid public policy concerns militate against the Court's holding, especially in light of the high number of homes owned by debtors who lack equity beyond

---

[16] *In re Lavelle*, 09-72389, 2009 WL 4043089 (Bankr. E.D.N.Y. Nov. 19, 2009); *In re Yi*, 219 B.R. 394 (E.D. Va. 1998); *In re Howard*, 184 B.R. 644 (Bankr. E.D.N.Y. 1995).
[17] *Lavelle*, 2009 WL 4043089 at *5 ("Because *part* of the claim was secured, it was considered a 'secured claim' under § 506(a).").
[18] 502 U.S. at 778.
[19] *Pomilio*, 425 B.R. at 15; *Dewsnup*, 502 U.S. at 415.

Memo Opinion Denying Motions to Avoid Junior Liens.docx / / Revised: 7/28/2010 12:17:00 PM                    Printed: 7/28/2010
Page: 5 of 8

the senior mortgage lien and the high rate of home foreclosures in this area.  The Court, nonetheless,

cannot deviate from the Supreme Court's binding interpretation of § 506(d) in *Dewsnup*.  Congress

has had many years to overturn *Dewsnup* by legislative action but has enacted no statutory change.

Until it does, *Dewsnup* remains the law of the land.

Separate orders consistent with this memorandum opinion will be entered in each of these

cases.

DONE AND ORDERED in Orlando, Florida, on July 28, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtors: Tracy & Brad Hoffman, 421 Haverlake Circle, Apopka, FL  32712

Debtors' Attorney: James T. Harper, Jr., 1510 E. Colonial Drive, #204, Orlando, FL  32803

Creditor:  SunTrust Mortgage, Inc., Attn: RVW3034 or Officer, Manager, or General Agent,
1001 Semmes Ave, Richmond, VA 23224

Attorney for *amicus curiae,* National Association of Consumer Bankruptcy Attorneys, 746 N.
Magnolia Avenue, Orlando, FL  32803

Debtors: Dean Edward and Dela Jane Armstrong, 202 Wild Ash Lane, Longwood, FL  32779

Debtors' Attorney:  Lori Patton, PO Box 520547, Longwood, FL  32752

Creditor:  Regions Bank, PO Box 216, Birmingham, AL 35201

Creditor: Regions Bank, PO Box 830721, Birmingham, AL 35283

Creditor: Regions Bank, PO Box 830734, Birmingham, AL  35201

Debtor:  Antonio Ayala, Jr., 777 Conestee, Melbourne, FL  32904

Debtor's Attorney:  Armando E. Rosal, 1490 Emerson Drive NE, Palm Bay, FL  32907

Creditor:  SunTrust Bank, Attn: President, Officer, Manager, Managing Agent, PO Box 4986,
Orlando, FL  32802

Debtors:  Michael & Vikki Bartock, 1333 Gibbs Road, SW, Palm Bay, FL  32908

Debtors' Attorney:  Armando E. Rosal, 1490 Emerson Drive NE, Palm Bay, FL  32907

Creditor:  Bank of America Mortgage, Attn: President, Officer, Manager, Managing Agent, 475 Crosspoint Parkway, Getzville, NY  14068

Debtors:  Kuriy & Anna Kulev, 6 Renworth Lane, Palm Coast, FL  32164

Debtors' Attorney:  Ann W. Rogers, 595 North Nova Road, Suite 115, Ormond Beach, FL  32174

Creditor:  Bank of America, Attn: VP, CEO, Managing Agent, PO Box 538673, Atlanta, GA  30353

Debtors:  Serguei Baev and Loudmilla Stebeneva, 27 Cemmaron Drive, Palm Coast, FL  32137

Debtors' Attorney:  Ann W. Rogers, 595 North Nova Road, Suite 115, Ormond Beach, FL  32174

Creditor:  SunTrust Bank, Attn: VP, CEO, Managing Agent, PO Box 4986, Orlando, FL  32802

Debtors:  Ronald and Barbara Millar, 19 Sand Dollar Drive, Ormond Beach, FL  32176

Debtors' Attorney:  Ann W. Rogers, 595 North Nova Road, Suite 115, Ormond Beach, FL  32174

Creditor:  Space Coast Credit Union, Attn: VP, CEO, Managing Agent, PO Box 419001, Melbourne, FL  32941

Debtor:  Keith C. Evans, 52 Leaver Drive, Palm Coast, FL  32137

Debtor's Attorney:  Ann W. Rogers, 595 North Nova Road, Suite 115, Ormond Beach, FL  32174

Creditor:  Wachovia, Attn: VP, CEO, Managing Agent, 1525 W. W.T. Harris Blvd., Charlotte, NC  26288

Debtors:  Claude Clifford and Rhonda Kay Christian, 2981 Allston Street, Deltona, FL  32738

Debtors' Attorney:  Ann W. Rogers, 595 North Nova Road, Suite 115, Ormond Beach, FL  32174

Creditor:  SunTrust Bank, Attn: Pres, Managing Agent, CEO, PO Box 791262, Baltimore, MD  21279-1262

Trustee: Robert E. Thomas, P.O. Box 5075, Winter Park, FL  32793

Trustee:  Leigh R. Meininger, PO Box 1946, Orlando, FL  32802

Trustee: Emerson C. Noble, PO Box 195008, Winter Springs, FL  32719

Trustee:  George E. Mills, Jr., PO Box 995, Gotha, FL  34734

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801